UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

UNITED STATES OF AMERICA

v.

MATTHEW K. FISHER

Case No. 1:15-cr-71-JMS-DML-01

ORDER ON MOTIONS FOR
SENTENCE REDUCTION UNDER
18 U.S.C. § 3582(c)(1)(A)
(COMPASSIONATE RELEASE)

Upon motions of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction

in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided

in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motions are:

☒ DENIED.

☐ DENIED WITHOUT PREJUDICE.

☐ OTHER:

☒ FACTORS CONSIDERED: See attached opinion.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:15-cr-00071-JMS-DML |
| | ) | |
| MATTHEW K. FISHER, | ) | -01 |
| | ) | |
| Defendant. | ) | |

**ORDER**

Defendant Matthew K. Fisher has filed two motions seeking compassionate release under § 603 of the First Step Act of 2018, which is codified at 18 U.S.C. § 3582(c)(1)(A). Dkts. 63, 71. Mr. Fisher seeks immediate release from incarceration. Dkt. [71]. For the reasons explained below, his motions are **DENIED**.

## I.    Background

In 2016, Mr. Fisher was sentenced to an aggregate sentence of 300 months of imprisonment and 10 years of supervised release after he pled guilty to: (1) two counts of sexual exploitation of children, in violation of 18 U.S.C. § 2251(a); (2) one count of attempted sexual exploitation of children, in violation of 18 U.S.C. § 2251(e); and (3) one count of distribution of child pornography, in violation of 18 U.S.C. § 2252(a)(2). Dkts. 42, 54, 55. In pleading guilty, Mr. Fisher stipulated that he sometimes babysat for close family friends who had two minor daughters. Dkt. 53. While babysitting, Mr. Fisher hid a camera in a clock in the family's bathroom and surreptitiously recorded videos of the girls in various states of undress.  He posted multiple images of one of the girls on the internet.  In addition, Mr. Fisher also posed as a teenage boy and

2

convinced another minor girl—his 14-year-old neighbor—to send him naked pictures of herself via text message.

Mr. Fisher is 44 years old. He has been incarcerated for about 6 years.  The Bureau of Prisons ("BOP") lists his anticipated release date (with good-conduct time included) as April 1, 2036.  That is, he has served about 30% of his sentence. He is currently incarcerated at FCI Loretto in Loretto, Pennsylvania. As of February 12, 2021, the BOP reports that no inmates and 16 staff members at FCI Loretto have active cases of COVID-19; it also reports that 706 inmates at FCI Loretto have recovered from COVID-19 and that no inmates at FCI Loretto have died from the virus. https://www.bop.gov/coronavirus/ (last visited Feb. 16, 2021). The BOP has also actively begun vaccinating inmates against COVID-19. *Id*. As of February 12, 2021, 65 inmates and 115 staff members at FCI Loretto have received both doses of the COVID-19 vaccine. *Id.*

On July 18, 2020, Mr. Fisher filed a pro se motion for compassionate release. Dkt. 63. The Court appointed counsel. Dkt. 68. Appointed counsel filed an amended motion for compassionate release and supporting memorandum, dkt. 71, and the United States responded, dkt. 75.  Mr. Fisher did not file a reply. Thus, the motion is now ripe for decision.

**II.    Discussion**

Mr. Fisher seeks immediate release based on "extraordinary and compelling reasons" as set forth in 18 U.S.C. § 3582(c)(1)(A)(i). Dkt. 71. Specifically,  he contends that his underlying medical conditions (hypertension, chronic nephrolithiasis in bilateral kidneys, obesity and hypercholesterolemia), which make him more susceptible to severe complications from COVID-19, combine with the BOP's inability to control COVID-19 outbreaks in their facilities to establish extraordinary and compelling reasons to reduce his sentence to time served. *Id.* In response, the

3

United States argues that Mr. Fisher remains a danger to the community if released and that the

sentencing factors in 18 U.S.C. § 3553(a) do not favor release. Dkt. 75.

The general rule is that sentences imposed in federal criminal cases are final and may not

be modified. 18 U.S.C. § 3582(c). Under one exception to this rule, a court may reduce a sentence

upon finding there are "extraordinary and compelling reasons" that warrant a reduction. 18 U.S.C.

§ 3582(c)(1)(A)(i). Before the First Step Act, only the Director of the Bureau of Prisons

("BOP") could file a motion for a reduction based on "extraordinary and compelling reasons."

Now, a defendant is also permitted to file such a motion after exhausting administrative

remedies. *See* First Step Act of 2018, Pub. L.N. 115-391, 132 Stat. 5194, 5239 (2018).  The

amended version of the statute states:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion
> of the defendant after the defendant has fully exhausted all administrative rights to
> appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf
> or the lapse of 30 days from the receipt of such a request by the warden of the
> defendant's facility, whichever is earlier,[1] may reduce the term of imprisonment
> (and may impose a term of probation or supervised release with or without
> conditions that does not exceed the unserved portion of the original term of
> imprisonment), after considering the factors set forth in section 3553(a) to the
> extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction;
>> or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30
>> years in prison, pursuant to a sentence imposed under section
>> 3559(c), for the offense or offenses for which the defendant is
>> currently imprisoned, and a determination has been made by the
>> Director of the Bureau of Prisons that the defendant is not a danger
>> to the safety of any other person or the community, as provided
>> under section 3142(g);
>
> and that such a reduction is consistent with applicable policy statements issued by
> the Sentencing Commission . . . .

---

[1] Mr. Fisher submitted his motion after the warden denied his administrative request, dkt. 63-1, and
the United States does not argue that Mr. Fisher has failed to exhaust his administrative remedies, dkt. 75.

18 U.S.C. § 3582(c)(1)(A).

Congress directed the Sentencing Commission to "describe what should be considered extraordinary and compelling reasons for sentence reduction, including the criteria to be applied and a list of specific examples." 28 U.S.C. § 994(t). It directed that "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason." *Id.* Before passage of the First Step Act, the Sentencing Commission promulgated a policy statement regarding compassionate release under § 3582(c). U.S.S.G. § 1B1.13.

Section 1B1.13 sets forth the following considerations. First, whether "[e]xtraordinary and compelling reasons warrant the reduction" and whether the reduction is otherwise "consistent with this policy statement." U.S.S.G. § 1B1.13(1)(A), (3). Second, whether the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." U.S.S.G. § 1B1.13(2). Finally, consideration of the sentencing factors in 18 U.S.C. § 3553(a), "to the extent they are applicable." U.S.S.G. § 1B1.13.

As to the first consideration, Subsections (A)-(C) of Application Note 1 to § 1B1.13 identify three specific "reasons" that qualify as "extraordinary and compelling": (A) terminal illness diagnoses or serious conditions from which a defendant is unlikely to recover and which "substantially diminish[]" the defendant's capacity for self-care in prison; (B) aging-related health decline where a defendant is over 65 years old and has served at least ten years or 75% of his sentence, whichever is less; or (C) certain family circumstances (the death or incapacitation of the caregiver of the defendant's minor child or the incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner). U.S.S.G. § 1B1.13, Application Note 1(A)–(C). Subsection (D) adds a catchall provision for "extraordinary and compelling reason[s] other than, or in combination with, the

reasons described in subdivisions (A) through (C)," "[a]s determined by the Director of the Bureau of Prisons." *Id.*, Application Note 1(D).

The policy statement in § 1B1.13 addresses only motions from the Director of the BOP. *Id.* ("Upon the motion of Director of the Bureau of Prisons under 18 U.S.C. § 3582(c)(1)(A), the court may reduce a term of imprisonment . . . "). It has not been updated since the First Step Act amended § 3582(c)(1)(A) to address motions that are filed by prisoners. As a result, the Sentencing Commission has not yet issued a policy statement "applicable" to motions filed by prisoners. *United States v. Gunn*, 980 F.3d 1178, 1180–81 (7th Cir. 2020). And, in the absence of an applicable policy statement, the portion of § 3582(c)(1)(A) requiring that a reduction be "consistent with the applicable policy statements issued by the Sentencing Commission" does not curtail a district court judge's discretion. *Id.* at 1180. Nonetheless, the Commission's analysis in § 1B1.13 can guide a court's discretion without being conclusive. *Id.* As to motions brought under the "catchall" provision in Subsection (D), district judges should give the Director of the BOP's analysis substantial weight (if he has provided such an analysis), even though those views are not controlling. *Id.*

Accordingly, the Court evaluates motions brought under the "extraordinary and compelling" reasons prong of § 3582(c)(1)(A) with due regard for the guidance provided in § 1B1.13 by deciding: (1) whether a defendant has presented an extraordinary and compelling reason warranting a sentence reduction; (2) whether the defendant presents a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g); and (3) whether the applicable sentencing factors in § 3553(a) favor granting the motion.

Mr. Fisher does not suggest that Subsections (A)-(C) of Application Note 1 to § 1B1.13 provide him with an extraordinary and compelling reason warranting release. Instead, he asks the

Court to exercise its broad discretion to find an extraordinary and compelling reason warranting release in this case.[2]

Mr. Fisher claims that extraordinary and compelling reasons warrant a sentence reduction in this case because he has various conditions (including hypertension, chronic nephrolithiasis in bilateral kidneys, obesity and hypercholesterolemia) that increase his risk of experiencing severe COVID-19 symptoms. Dkt. 71. The CDC (Centers for Disease Control) has recognized that obesity increases the risk for suffering severe COVID-19 symptoms and that hypertension may increase the risk for suffering severe COVID-19 symptoms. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Feb. 16, 2021). While it appears that Mr. Fisher may be managing these conditions while incarcerated, the Court will assume that Mr. Fisher's risk of developing severe symptoms if he contracts COVID-19 creates an extraordinary and compelling reason that could warrant a sentence reduction. *See, e.g.*, *United States v. Finan*, No. 1:17-cr-87-TWP-MJD-1, dkt. 145 at 13 (S.D. Ind. June 23, 2020) ("Therefore, because [the defendant] has established that he has a CDC-identified COVID-19 risk factor, the government does not contest that he has satisfied the 'extraordinary and compelling reason' prong of section 3582(c)(1)(A)(i)."); *United States v. Elmer,* No. 1:17-cr-113-JRS-TAB, dkt. 247 at 7 (S.D. Ind. June 17, 2020) ("[The defendant's] diabetes, during the COVID-19 pandemic, presents an extraordinary and compelling reason allowing for compassionate release."); *United States v. Sanders*, No. 3:06-cr-23-RLY-WGH-1, dkt. 31 at 6 (S.D. Ind. Oct. 26, 2020) ("The government concedes that the defendant has

---

[2] In keeping with the Seventh Circuit's instruction in *Gunn*, 980 F.3d at 1180–81, the Court has considered the rationale provided by Mr. Fisher's warden in denying Mr. Fisher's administrative request for relief. Mr. Fisher's warden appears not to have considered the possibility that Mr. Fisher could show an "extraordinary and compelling reason" under Subsection (D) of the policy statement and instead focused only on Subsection (A). *See* dkt. 63-1. Thus, the warden's decision provides little guidance to the Court's analysis.

presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at an increased risk of severe illness from COVID-19. . . . Specifically, he is obese."); *United States v. Bilyou*, No. 2:11-cr-9-JMS-CMM-6, dkt. 905 at 6 (S.D. Ind. Nov. 27, 2020) ("The government concedes that the defendant has presented 'extraordinary and compelling circumstances,' in that he has at least one condition that puts him at increased risk of severe illness from COVID-19.").

This assumption does not end the analysis, however, because the Court finds that the applicable § 3553(a) sentencing factors weigh against granting Mr. Fisher's request for compassionate release. The factors are: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed (a) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (b) to afford adequate deterrence to criminal conduct; (c) to protect the public from further crimes of the defendant; and (d) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; (3) the kinds of sentences available; (4) the kinds of sentence and the sentencing range established for the defendant's crimes; (5) any pertinent policy statement issued by the Sentencing Commission; (6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense. 18 U.S.C. § 3553(a). The Court will address those factors that are applicable to Mr. Fisher's motion.

Here, Mr. Fisher suffers from at least one medical condition that increases his risk of experiencing severe symptoms if he contracts COVID-19. *See* https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-

8

conditions.html (last visited Feb. 16, 2021) (identifying obesity as a condition that increases the risk of severe COVID-19 symptoms). While FCI Loretto experienced a significant outbreak of COVID-19, the BOP's efforts to control the virus among the inmate population appear to be having some success.  https://www.bop.gov/coronavirus/ (last visited on Feb. 16, 2021) (showing that 706 inmates had recovered from the virus). In addition, 65 inmates and 115 staff members at FCI Loretto have already received both doses of the COVID-19 vaccine. *Id.* That said, the nature of prisons means that the virus can spread quickly and that inmates have little ability to protect themselves from the virus. In short, the Court is aware of the risk that Mr. Fisher faces from COVID-19 and has given it appropriate weight in its consideration of the § 3553(a) factors.

Weighing in Mr. Fisher's favor under the Court's § 3553(a) analysis, he has no prior criminal history and has maintained a clean conduct report during his 6 years of incarceration. In addition, the BOP has rated him a minimum risk for recidivism and assigned him a low security classification. Dkt. 75-1.

Nonetheless, the circumstances of Mr. Fisher's crimes weigh heavily against his release. He abused the trust of his friends to obtain surreptitious nude images of their daughters. He compounded that violation by posting some of those images online.  He also tricked his 14-year-old neighbor into sending him naked pictures of herself. These crimes are extremely serious and warrant a serious penalty. Notably, the guidelines range for Mr. Fisher was 1320 months, and his 300-month sentence already reflected a significant downward departure. Moreover, he has served only about 30% of his sentence and is not set to be released for another 15 years.

The United States has also submitted a letter from the parents of Mr. Fisher's first two victims—the daughters of his neighbors.  Those two victims are still minors, and their parents

explain that his request for early release has greatly disrupted their lives again and caused them all anxiety.

In light of these circumstance, the Court finds that releasing Mr. Fisher early would not: reflect the seriousness of the offense; promote respect for the law; provide just punishment for the offense; afford adequate deterrence to criminal conduct; or protect the public from further crimes. Certainly, the Court is sympathetic to the risks that prisoners with underlying conditions such as Mr. Fisher face from COVID-19, but it cannot find that those risks warrant releasing him from incarceration at this time. *See United States v. Saunders*, __ F.3d __, No. 20-2486, 2021 WL 420317, at *2 (7th Cir. Feb. 8, 2021) (affirming denial of motion for compassionate release where district court found that § 3553(a) factors weighed against release despite COVID-19 risk because defendant committed serious offense and had only served one-third of sentence); *United States v. Ebbers*, No. S402-CR-11443VEC, 2020 WL 91399, at *7 (S.D.N.Y. Jan. 8, 2020) (in evaluating a motion for compassionate release, the court should consider whether the § 3553(a) factors outweigh the "extraordinary and compelling reasons" warranting compassionate release, and whether compassionate release would undermine the goals of the original sentence).

## III.   Conclusion

For the reasons stated above, Mr. Fisher's motions for compassionate release, dkts. [63] and [71], are **denied**.

**IT IS SO ORDERED.**

Date: 2/18/2021

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

All Electronically Registered Counsel